UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                No. 1:23-CR-00078-01

vs.                                             Hon. Robert J. Jonker
                                                   United States District Judge

SEANN PATRICK PIETILA,

    Defendant.
_____/

**<u>GOVERNMENT'S MEMORANDUM REGARDING RESTITUTION</u>**

The government submits this supplemental memorandum to provide the Court with additional information regarding a request for restitution in this case. The victim, Shaarey Zedek Congregation, seeks restitution in the amount of $14,475.15, to cover the cost of increased security measures added as a result of Defendant's offense. The victim recently provided the government with records of those expenses, which are attached hereto as Exhibit 1.

A victim is entitled to restitution under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, if the loss "stemmed directly and proximately" from a defendant's criminal offense. *See United States v. Kratt*, 579 F.3d 558, 565 (6th Cir. 2009). As noted in the government's sentencing brief, the Sixth Circuit Court of Appeals has held that such expenses may be recoverable under the MVRA. *See United States v. McNeil*, 744 F. App'x 941, 944 (6th Cir. 2018). *McNeil* affirmed an order of restitution that included the cost of maintaining or improving home security systems during and after offense conduct attributable to defendant without any evidence that

the defendant or others would kill or injure the victims of his threatening communications.

In *McNeil*, the defendant publicly pledged support to a foreign terrorist organization and posted the names and addresses of American military members and encouraged others to harm them on social media sites. The defendant was convicted of communicating threats in interstate commerce and soliciting a crime of violence. The district court ordered the defendant to pay $6,048.99 in MVRA restitution to reimburse victims for the cost of ongoing and increased security measures. The Court of Appeals affirmed, finding that the district court did not abuse its discretion in awarding mandatory restitution to five victims for the cost of security expenses that were incurred after the defendant threatened them and publicly encouraged others to kill them. The government had supplied the district court with documents reflecting the expense of maintaining or improving the victims' security measures after the defendant committed his crimes, which the Court of Appeals found sufficiently reliable to support the restitution order. *Id.* at 944.[1]

In this case, Defendant's threats to kill Jewish people and his identification of the Shaarey Zedek Congregation as a target was disclosed in public court proceedings, including at the preliminary examination and detention hearing where

---

[1] In *United States v. Wright*, 176 F. App'x 373 (4th Cir. 2006), the government conceded that the cost of a burglary victim's security personnel was improperly awarded as restitution under the MVRA because they were "consequential damages." As a result, and without any analysis of the issue, the Fourth Circuit remanded to the district court to recompute restitution without the security guard expenses. *Id.* at 376. "[T]he opinion offers nothing of substance in terms of analysis" on that issue. *United States v. May*, 706 F.3d 1209, 1213 n3 (9th Cir. 2013).

2

Defendant required the government to introduce testimony and evidence into the public record. The government separately notified Shaarey Zedek Congregation of the note found on Defendant's phone when Defendant was charged by criminal complaint, as it was required to do under federal law. *See* 18 U.S.C. § 3771(a) (listing rights of crime victims, including timely notice of charges); 34 U.S.C. § 20141(c) (listing services to victims that shall be provided).

Upon learning that they were specifically identified as a target, the congregation understandably and reasonably felt threatened by both Defendant's social media messages and the note found in his phone. As a result of Defendant's conduct, and not knowing if Defendant had encouraged or inspired others to carry out an attack on the congregation, the congregation increased security at the synagogue by adding armed security guards to protect those who felt safe enough to attend services and events there. The victim, though its Security Chairperson, has provided the government with documentation showing the cost of the increased security since Defendant's offense conduct in support of its request for restitution. (Exhibit 1.)

The government acknowledges that Defendant was arrested on—and has remained in custody since—June 16, 2023, and that there is no evidence that he specifically encouraged others to kill or injure members of Shaarey Zedek Congregation. However, nothing in *McNeil* requires proof that a defendant had the ability to carry out his threats or specifically encouraged others to harm the victim (either publicly or privately) as a prerequisite to awarding restitution for the cost of

3

enhanced security measures by the victim of a defendant's threatening communications.

Accordingly, the government respectfully requests that the Court order Defendant to pay $14,475.15 in restitution to the Shaarey Zedek Congregation.

                                                        Respectfully submitted,

                                                        MARK A. TOTTEN
                                                      United States Attorney

Dated:  February 28, 2024                  /s/ *Christopher M. O'Connor*
                                                      CHRISTOPHER M. O'CONNOR
                                                      Assistant United States Attorney
                                                      United States Attorney's Office
                                                      P.O. Box 208
                                                      Grand Rapids, Michigan 49501-0208
                                                      (616) 456-2404
                                                      christopher.oconnor@usdoj.gov